# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| DAVID ALAN GRANT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22-6007-CV-SJ-DGK-P |
| vs. ) | |
| ) | |
| EDMON HOWARD, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF PROVISIONAL LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING PLAINTIFF TO PAY AN INITIAL PARTIAL FILING FEE AND FILE A SUPERSEDING AMENDED COMPLAINT**

Plaintiff, who currently is confined at the Western Reception, Diagnostic and Correctional Center in St. Joseph, Missouri, has filed *pro se* this civil action pursuant to 42 U.S.C. § 1983. Plaintiff has moved for leave to proceed *in forma pauperis* without the prepayment of court fees or costs. He has submitted an affidavit of poverty in support thereof. As set forth below, if Plaintiff wishes to proceed with this case, he first must pay an initial partial filing fee and must file a superseding amended complaint by the deadline set by the Court.

**I. Plaintiff must pay an initial partial filing fee.**

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the full $350.00 filing fee in this civil action. *See In re Tyler*, 110 F. 3d 528, 529-30 (8th Cir. 1997) (under Prison Litigation Reform Act, prisoners are responsible for filing fees the moment a civil action is filed). If granted leave to proceed *in forma pauperis*, Plaintiff is entitled to pay the filing fee over time through the payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and/or through periodic payments from Plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the Court is required to assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of the average monthly deposits or the average monthly balance in the prisoner's account for the six months immediately preceding the date of the filing of a civil action. Having reviewed Plaintiff's inmate account statement, Plaintiff will be required to pay an initial partial filing fee of $31.09 ($932.72 total deposits ÷ 6 months x 20 %). ***If Plaintiff pays the initial partial filing fee and submits his superseding amended complaint as set forth below, the remainder of the $350.00 filing fee will be collected through automatic periodic deductions from Plaintiff's inmate account pursuant to § 1915(b)(2).***

**II. Plaintiff also must file a superseding amended complaint.**

Due to insufficiencies in Plaintiff's present complaint, in addition to paying the initial partial filing fee, Plaintiff also must file a superseding amended complaint as set forth below. Plaintiff names the following Defendants in his complaint: (1) Jail Director Edmon Howard Jr.; (2) "Medical Staff;" and (3) "Daviess Dekalb County Regional Jail." Doc. 1, pp. 1-3. Plaintiff alleges that he was denied medical care for his ear infection. *Id*. at 4. Plaintiff also generally states "fire safety" and "living conditions." *Id*.

Initially, the Court notes that Plaintiff appears to bring multiple claims against multiple parties and the claims do not clearly arise out of the same transaction or occurrence. For instance, Plaintiff's allegations regarding his request for medical treatment do not appear at this time to share a common question of law or fact to his claims regarding "fire safety" or "living conditions." This is not allowed under Federal Rules of Civil Procedure 18(a) and 20(a)(2).[1]

---

[1] Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

2

Even if Plaintiff's claims were properly joined, they fail to state a claim. To state a claim under § 1983, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S.662, 676 (2009). A defendant must have been personally involved in the deprivation of Plaintiff's rights to be liable, *Martin v. Sergeant*, 780 F.2d 1334, 1337 (8th Cir. 1985), and pleadings must offer more than labels and conclusions; formulaic recitations of the elements of a cause of action are not sufficient. *Iqbal*, 556 U.S. at 678. Furthermore, a supervisor's "mere knowledge of his subordinate's" illegal acts is an insufficient basis for § 1983 liability. *Id.* at 677. Claims based on a theory of *respondeat superior* are not actionable under § 1983. *See id.* at 676 (vicarious liability is inapplicable to § 1983 suits); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Furthermore, "[d]eliberate indifference to the serious medical needs of a prisoner constitutes cruel and unusual punishment . . . and the Constitution prohibits state governments from inflicting such punishments." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)). In order to prevail on a deliberate indifference claim, Plaintiff must prove: (1) that he suffered from an objectively serious medical need; and (2) that prison officials knew of the need but deliberately disregarded it. *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). "For a claim of deliberate indifference, 'the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level

---

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

3

of a constitutional violation.'" *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008)) (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

While *pro se* claims are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), Plaintiff's assertions in this case lack the requisite specificity. *See Ellingburg v. King*, 490 F.2d 1270, 1271 (8th Cir. 1974). Plaintiff does not set forth any allegations of fact explaining the individual acts Defendants took or failed to take regarding his medical care or how each individual Defendant otherwise exacerbated his medical conditions. Instead, Plaintiff appears to bring suit against the "medical staff" collectively and appears to bring suit against Defendant Howard under a theory of *respondeat superior*, which, as set forth above, fails to state a claim. Insofar as Plaintiff brings suit against the jail, a municipal jail or sheriff's department is not a cognizable legal entity or person subject to suit under § 1983 but is simply a subdivision of local government. *See Ketchum v. City of West Memphis*, 974 F. 2d 81, 82 (8th Cir. 1992); *Diggs v. City of Osceola*, 270 F. App'x 469, at *1 (8th Cir. 2008).

For the foregoing reasons, Plaintiff's present complaint is not in compliance with the Federal Rules of Civil Procedure and raises allegations that fail to state a cognizable claim for relief. Because Plaintiff is proceeding *pro se* and *in forma pauperis*, the Court will give him an opportunity to file an amended complaint in this action in order to clarify his claims and put them in compliance with the Federal Rules of Civil Procedure. ***In so doing, Plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence.*** Plaintiff should only include in his amended complaint those claims that arose out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed. R. Civ. P. 20(a)(2). ***Alternatively,***

***Plaintiff may choose to set forth as many claims he has against a single individual that have some relation to each other.*** See Fed. R. Civ. P. 18(a). He may join defendants only if appropriate.

As such, in an amended complaint, Plaintiff shall set out sufficient facts to show exactly ***who*** is involved in this lawsuit and ***what*** each individual defendant ***specifically did or failed to do*** in violation of Plaintiff's federally protected rights. Plaintiff shall provide sufficient allegations of fact to support his claims. Plaintiff also shall explain any injuries he suffered as a result of any Defendant's actions. Any claims or defendants not specifically set forth in the amended complaint will be deemed to have been abandoned in this case.

Plaintiff's amended complaint must encompass the allegations from his original complaint with any proposed amendments – ***in one complete document***. The proposed amended complaint will be a standalone document, and it may not refer back to the original complaint. Accordingly, the Clerk is directed to send Plaintiff a court-approved complaint form. Using the court-approved complaint form, and following all instructions on that form, Plaintiff is to file a proposed amended complaint in which he lists the defendants he wishes to sue and explains briefly how those defendants may have violated his legal rights. ***<u>Plaintiff must do so in compliance with Federal Rules of Civil Procedure 18(a) and 20(a), as set forth herein</u>***.

***If Plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he chooses to advance in his amended complaint, he must file a separate case for each such claim(s) on <u>a separate complaint form</u> (or forms) and will be subject to a separate filing fee for each separate case***.

If Plaintiff seeks to proceed with this case, he must pay an initial partial filing fee and file a superseding amended complaint, or this case will be dismissed pursuant to Fed. R. Civ. P. 41(b) without further notice.

Accordingly, it is **ORDERED** that:

(1) Plaintiff is granted provisional leave to proceed *in forma pauperis*;

(2) Plaintiff shall pay to the clerk of the court for the Western District of Missouri, Western Division, an initial partial filing fee of $31.09;

(3) the Clerk of the Court is directed to send Plaintiff another set of civil rights forms for his use in filing an amended complaint;

(4) Plaintiff is directed to file a single superseding amended complaint, as specifically discussed herein; and

(5) Plaintiff's failure to both pay the required initial partial filing fee and amend as directed, on or before March 15, 2022, will result in the dismissal of this case without further notice.

    /s/ Greg Kays  
GREG KAYS  
UNITED STATES DISTRICT JUDGE

Dated: February 22, 2022.